AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means    ☑ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 1:22MJ 210
1023 Joe Matthews Road, )
Sanford, North Carolina 27332 )
)
)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Middle_____ District of _____North Carolina_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A1

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _____May 23, 2022_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Joi E. Peake_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __5/9/2022  11:09 am__   _____/s/ Joi E. Peake_____
Judge's signature

City and state: _____Winston-Salem, North Carolina_____   _____Joi E. Peake, United States Magistrate Judge_____
*Printed name and title*

| Return | | |
|---|---|---|
| Case No.: 1:22MJ | Date and time warrant executed: 5/11/22 at 9:48am | Copy of warrant and inventory left with: Kimberly Neiss |
| Inventory made in the presence of: Kimberly Neiss | | |

Inventory of the property taken and name(s) of any person(s) seized:

Four black kneepads;
One green Columbia jacket;
One pair of clear goggles;
Two Sony Xperia cell phones;
One Motorola cell phone w/ power cord

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 5/13/22

_Executing officer's signature_

FBI SA Craig Noyes
_Printed name and title_

## ATTACHMENT A-1

The property to be searched is all of the following (collectively, the "SUBJECT PREMISES"): The property at 1023 Joe Matthews Road, Sanford, North Carolina 27332, which is a white single family, one-story structure with dark shutters and concrete steps that led up to the front door, as pictured below.





Authority to search extends to all parts of the SUBJECT PREMISES, including the main structure, garage(s), storage structures, outbuildings, and curtilage, and all containers, compartments, or safes located on the property, whether locked or not, and to the following vehicles if located at the SUBJECT PREMISES at the time of the execution of the warrant: a blue 2001 Chevrolet Silverado, bearing N.C. license plate THM7072, VIN: 2GCEC19W111185207, a 2006 Ford Focus, bearing N.C. license plate HEN8570, VIN: 1FAFP34N16W236942, and a dark green color Saturn (unknown year and model), bearing no license plate, whether locked or not, where the items described in Attachment B could be found.

## ATTACHMENT B

*Property to be seized*

1. Fruits, evidence, information, contraband, or instrumentalities relating to violations of 18 U.S.C. § 111(a)(1) & (b) (Assaulting, Resisting, or Impeding Certain Officers with Deadly or Dangerous Weapon), 18 U.S.C. § 231(a)(3) (Civil Disorder), 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds), 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds), and 18 U.S.C. § 1752(a)(4) (Engaging in Physical Violence in a Restricted Building or Grounds) (the "Target Offenses") that have been committed by DAVID GIETZEN ("the Subject") and other identified and unidentified persons; in the form of:

   a. Documents or other physical items concerning

      i. unlawful entry into the U.S. Capitol, including any property of the U.S. Capitol;

      ii. awareness of the official proceeding that was to take place at Congress on January 6, 2021, i.e., the certification process of the 2020 Presidential Election;

      iii. efforts to disrupt the official proceeding that was to take place at Congress on January 6, 2021, i.e., the certification process of the 2020 Presidential Election;

      iv. the breach and unlawful entry of the United States Capitol, and any conspiracy or plan to do so, on January 6, 2021;

      v. the riot and/or civil disorder at the United States Capitol on January 6, 2021;

      vi. the assaults of federal officers/agents and efforts to impede such federal officers/agents in the performance of their duties the United States Capitol on January 6, 2021;

      vii. any conspiracy, planning, or preparation to commit those offenses;

      viii. efforts after the fact to conceal evidence of the Target Offenses, or to flee prosecution for the same;

      ix. materials, devices, or tools that were used to unlawfully enter the U.S. Capitol by deceit or by force, including weapons and elements used to breach the building or to counter efforts by law-enforcement, such as pepper spray or smoke grenades;

x. communication devices, including closed circuit radios or walkie-talkies, that could have been used by co-conspirators to communicate during the unlawful entry into the U.S. Capitol;

xi. the state of mind of the Subject and/or other co-conspirators, e.g., intent, absence of mistake, or evidence indicating preparation or planning, or knowledge and experience, related to the criminal activity under investigation; and

xii. the identity of persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the unlawful actors about matters relating to the criminal activity under investigation, including records that help reveal their whereabout

xiii. travel to or from Washington, D.C., within two months prior to or after January 6, 2021;

b. Clothing or other items worn or carried by GIETZEN on or around January 5, 2021 to January 7, 2021, or photographs or videos of the same, including the clothing depicted in these images:





50



c. Clothing and other articles that reflect evidence of having participated in the unlawful activity at the U.S. Capitol, or photographs or videos of the same, including evidence of pepper spray or other non-lethal crowd control remnants.

d. The cellular telephone with IMEI 358126072109011 that utilized XXX-XXX-2041 and any alternate or successor mobile cellular telephones reasonably believed to be owned, used, or controlled by GIETZEN, or that GIETZEN had with him during his travel to or from, or presence in, Washington, D.C.